APONTE, PLAINTIFF AND RESPONDENT, *v.* FREIRÍA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in intervention proceedings.

MOTION to dismiss the appeal.

No. 1063.—Decided December 19, 1913.

APPEAL—DISMISSAL OF APPEAL—AMOUNT IN LITIGATION.—When, as in the case at bar, it is only alleged in the complaint that the value of the house in litigation is less than $500 and from the evidence of the plaintiff-respondent it is shown that the house is worth more than $400, a motion to dismiss the appeal on the ground that the amount in litigation does not exceed $300 should be overruled.

ID.—INTERVENTION—SERVICE OF NOTICE OF APPEAL—ATTACHMENT—DEFAULT—
ADVERSE PARTY.—When in an action of intervention in ownership of real
property brought against the owner of the attached property and the cred-
itors who attached it judgment is rendered against the defendants, a co-
defendant owner of the attached property having been adjudged in default
for non-appearance either in the municipal court or the district court, said
co-defendant is not an adverse party because he would not be prejudiced
by a reversal of the judgment appealed from, and therefore it is not neces-
sary to serve him with the notice of appeal, nor will the appeal be dismissed
on that ground.

ID.—NOTICE OF APPEAL—OMISSION SUPPLIED.—In accordance with section 299
of the Code of Civil Procedure, the notice of appeal is an essential part
of the transcript of the record in an appeal. A simple reference thereto
is not sufficient. Its omission in this case was supplied by the respondent's
filing a certified copy of the notice of appeal.

The facts are stated in the opinion.

Mr. C. Domínguez Rubio for respondent.

Mr. F. Cervoni Gely for appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

There are two motions in this record to dismiss the appeal.
The first of them requests the dismissal on the ground that
as the case originated in the Municipal Court of Guayama,
the jurisdictional sum, as appears from the face of the com-
plaint, is less than $300 and hence that this court lacks juris-
diction on appeal from the district court. On examining the
complaint the only fact that appears therefrom is that the
value of the house in question is less than $500, and in the
evidence the testimony of the appellee's own witness shows
that the property was worth more than $400, hence this motion
to dismiss cannot prevail.

The other ground for the dismissal of the appeal is that
a co-defendant by the name of Murillo, who was in default and
who did not defend the action in either of the courts, was
not cited or notified in the appeal to this court. The action
in this case was to recover a house improperly attached by
the defendants, José María Freiría and Mateo Defendini.
These two said defendants had attached the house as belong-
ing to the said Murillo, whereupon the complainant filed this
suit to rid the house from the effects of the alleged wrong-
ful attachment. Judgment being found in his favor, the de-

fendants Freiría and Defendini have appealed. Murillo either has no interest whatsoever in the house or the house belongs to him, and hence a reversal would favor him inasmuch as he might perhaps have a balance in his favor after the defendants had satisfied their claims. He could not be prejudiced by the reversal and hence he is not a party adverse to the appellants in this case, so that the second ground of dismissal is without foundation.

When we first examined this record we found nothing therein which showed that only two of the defendants had appealed, the record merely stating that on May 31, 1913, the defendants appealed and that such appeal was notified on the same day to the attorney of the complainant, the appellee in this court. We have decided in several cases, *Fernández v. The Estate of Irizarri,* 10 P. R. R., 47, and *Hernández v. Medina,* decided November 10, 1913, that a copy of the notice of appeal must be inserted in the record in accordance with section 299 of the Code of Civil Procedure. A mere reference to the same is not sufficient. However, the appellee, although he made no specific reference thereto in his motion, has brought up a certified copy of the notice of the appeal which supplies the defect that might have been held to be lacking in the record. Under these circumstances the motions to dismiss must be overruled and the case should proceed to hearing.

*Motions overruled.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.